UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GMAC REAL ESTATE, LLC a Delaware Limited
Liability Company,

      Plaintiff,

-vs-                 Case No. 2:09-cv-546-FtM-36SPC

WATERFRONT REALTY GROUP, INC., a
Florida corporation, JACK NEWBY, an individual,
RICK NEWBY, an individual ,

      Defendants.
_____

**ORDER**

  This matter comes before the Court on Plaintiff's Motion to Appoint Special Process Server (Doc. #34) filed on June 7, 2010. The motion was referred to this Court on June 11, 2010.

  Plaintiff, GMAC Real Estate, LLC claims to have made diligent attempts to serve Defendant Rick Newby at his last known home address in Palm Desert, California but that Newby has been evading service. Apparently the Sheriff's office has made six attempts to serve Newby at his home but there has been no answer. During one attempt, Newby's wife was at the home and informed the Deputy of the Sheriff's Civil Division that Newby was out of town on business. Plaintiff states that it is unknown why the Sheriff did not serve Newby by leaving a copy of the Summons and Complaint with Newby's wife. Plaintiff now moves the Court pursuant to Federal Rule of Civil Procedure 4(c)(3) for appointment of a special process server to effectuate service on Newby and an

additional thirty days to serve Newby at his stated address in Palm Desert, California through their duly appointed special process server.

Newby was previously served with the Summons and Complaint on September 29, 2009, but the Court granted Newby's *pro se* Motion to Quash Service based on the fact that the name and address of the Plaintiff's attorney were missing on the Summons as required by Rule 4(a)(C) (Doc. #16). Plaintiff was then given until November 19, 2009, to re-serve Newby. Thereafter, Plaintiff failed to re-serve Newby by the deadline and the Court issued an Order to Show Cause on April 15, 2010. (Doc. # 29). Plaintiff responded that service was attempted but the address was incorrect and service was now being attempted at Newby's home address and requested a 30-day extension to May 31, 2010 to effectuate service on Newby, which the Court granted (Doc. # 33). Again, Plaintiff did not serve Newby by the May 31, 2010 deadline, and instead filed the instant Motion to Appoint Special Process Server on June 7, 2010, requesting the appointment of a special process server and an additional 30-days to effectuate proper service.

Rule 4(c)(3) provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." The language of the Rule indicates that the court appointment of a special process service is discretionary, unless the plaintiff is proceeding in forma pauperis or is a seaman, neither of which applies here.

As an initial matter, the Court notes that Rule 4(e)(2)(B) provides for substituted service, such that a copy of the summons and complaint may be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Section 415.20(b) of the California Code of Civil Procedure similarly provides for

substituted service, and also requires that a copy of the summons and complaint be thereafter mailed to the person to be served to the address where the summons and complaint were left.

Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3). While the Court is aware that it has been difficult to serve Newby, Plaintiff has not complied with Court-imposed deadlines for service even though it appears there are other methods of service allowable under the Federal Rules that have not been attempted, such as substituted service on an individual at Newby's house. Newby's wife has been present at the house on at least one occasion when service was attempted and she indicated that Newby was out of town on business. Nor has Plaintiff explained why it feels that substituted service would not be successful. Here, Plaintiff merely requests the appointment of ProServe Process Service without addressing why service may not be effectuated by other means that are allowable under the Federal Rules. The Court notes that Plaintiff is free to hire ProServe Process Service to serve Newby, but the Court does not believe that a court order is necessary to allow ProServe to serve process.

Given that Plaintiff has been attempting since September 2009 and has continually failed to properly serve Newby within the deadlines imposed by the Court, the Court will not grant the requested thirty-day extension of time to serve Newby. However, the Court will allow Plaintiff until June 29, 2010 to effect proper service on Newby.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Appoint Special Process Server (Doc. #34) is **DENIED**. Plaintiff is directed to effect proper service on Defendant, Rick Newby, by **June 29, 2010.** Failure to do so could result in dismissal of plaintiff's case, without prejudice, for failure to effect service.

**DONE AND ORDERED** at Fort Myers, Florida, this  15th  day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record