UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GMAC REAL ESTATE, LLC a Delaware Limited
Liability Company,

        Plaintiff,

-vs-                 Case No. 2:09-cv-546-FtM-36SPC

WATERFRONT REALTY GROUP, INC., a
Florida corporation, JACK NEWBY, an individual,
RICK NEWBY, an individual ,

        Defendants.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on periodic review. Plaintiff, GMAC Real Estate, LLC claims to have made diligent attempts to serve Defendant Rick Newby at his last known home address in Palm Desert, California but that Newby has been evading service. Apparently, the Sheriff's office has made six attempts to serve Newby at his home but there has been no answer. During one attempt, Newby's wife was at the home and informed the Deputy of the Sheriff's Civil Division that Newby was out of town on business.

    Newby was previously served with the Summons and Complaint on September 29, 2009, but the Court granted Newby's *pro se* Motion to Quash Service based on the fact that the name and address of the Plaintiff's attorney were missing on the Summons as required by Rule 4(a)(C) (Doc. #16). Plaintiff was then given until November 19, 2009, to re-serve Newby. Thereafter, Plaintiff failed to re-serve Newby by the deadline and the Court issued an Order to Show Cause on April 15, 2010. (Doc. # 29). Plaintiff responded that service was attempted but the address was incorrect and

service was going to be attempted at Newby's home address and requested a 30-day extension to May 31, 2010 to effectuate service on Newby, which the Court granted (Doc. # 33). Again, Plaintiff did not serve Newby by the May 31, 2010 deadline, and instead filed a Motion to Appoint Special Process Server on June 7, 2010 (Doc. #34), requesting the appointment of a special process server and an additional 30-days to effectuate proper service. The Court denied this Motion given that Plaintiff had been attempting service on Rick Newby since September 2009 and had continually failed to properly serve Newby within deadlines imposed by the Court (Doc. #35). In this Order, the Court directed Plaintiff to effect proper service on Newby by June 29, 2010, and that failure to do so could result in dismissal of Plaintiff's case against Defendant Rick Newby without prejudice for failure to effect proper service.

Plaintiff has failed to inform the Court whether proper service was effected on Newby. Thus, the Court respectfully recommends that this case be dismissed without prejudice for failure to effect proper service.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

Plaintiff's action against Defendant Rick Newby be dismissed without prejudice for failure to effect proper service.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___2nd___ day of July, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record