# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

GMAC REAL ESTATE, LLC a Delaware Limited
Liability Company,

Plaintiff,

-vs-                                                    Case No.  2:09-cv-546-FtM-36SPC

WATERFRONT REALTY GROUP, INC., a
Florida corporation, JACK NEWBY

Defendants.

_____

## <u>ORDER</u>

This matter comes before the Court on Plaintiff's Motion to Strike Appearance of Jack Newby for Waterfront Realty Group, Inc. (Doc. #51) filed on September 15, 2010.  On August 10, 2010, this Court entered an Order allowing withdrawal of Counsel for the Defendants and gave them until September 9, 2010, to retain counsel.  On August 18, 2010, Jack Newby filed Notice of Appearance on behalf of Waterfront Realty (Doc. #48).  This is improper.  Under Local Rule 2.03(d), a corporation may appear and be heard only through counsel admitted to the Court pursuant to Local Rule 2.01 or 2.02.  The rule is well established that a corporation is an artificial entity that can only be represented through its agents. <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1382, 1385 (11th Cir. 1985).   It cannot appear in judicial proceedings *pro se* but must instead be represented by licensed counsel. <u>Id.</u>  The general rule that corporations must be represented by an attorney in judicial actions applies even where the person seeking to represent the corporation is its president and/or major stock holder. <u>Id.</u>  Thus, Newby's appearance on behalf of Waterfront Realty is due to be striken.  Jack Newby may appear *pro se* on his own behalf as an individual Defendant.

Accordingly, it is now

**ORDERED:**

Motion to Strike Appearance of Jack Newby for Waterfront Realty Group, Inc. (Doc. #51)

is **GRANTED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __16th___ day of September, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record