## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

GMAC REAL ESTATE, LLC a Delaware Limited
Liability Company,

                  Plaintiff,

-vs-                                                  Case No.  2:09-cv-546-FtM-36SPC

WATERFRONT REALTY GROUP, INC., a
Florida corporation, JACK NEWBY

                  Defendants.
_____

## ORDER

This matter comes before the Court on Declaration of Jack Newby Requesting Additional Time in Which to Obtain Legal Counsel for Defendant, Waterfront Realty Group, Inc. (Doc. #61) filed on October 29, 2010.  Also before the Court is GMAC's Renewed Motion for Default Against Defendants Waterfront Realty Group, Inc., and Opposition to Jack Newby and Waterfront's Request for Additional Time to Find Counsel (Doc. #63).  This Court previously granted *pro se* Defendant Jack Newby's requests for extension of time to obtain counsel (Doc. #56) until October 29, 2010. In that Order, the Court informed Jack Newby that failure to obtain counsel for corporate Defendant Waterfront Realty could result in default judgment being entered against it.  Jack Newby is now requesting an additional 30 days to attempt to obtain counsel to represent Waterfront Realty.

The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders.  <u>ABS-SOS Plus Partners Ltd.</u>, WL 5191701 *1-2 (citing Fed. R. Civ. P. 37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or

rendering a judgment by default against the disobedient party."); *see also* Fed.R.Civ.P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

Defendant Jack Newby has continually failed to obtain counsel for corporate Defendant Waterfront Realty Group, Inc., even though the Court has informed him that a corporation must be represented by counsel. It appears that Newby has been engaging in the unauthorized practice of law on behalf of Waterfront, in violation of Local Rule 2.03(e). Newby, on behalf of Waterfront, has sent invoices to Plaintiff's CEO, demanding payment for fees and costs related to a document inspection and production in the amount of $401,516 that have been incurred by Jack Newby and Waterfront Realty in this litigation. Thus, GMAC's Motion for Default Judgment is well taken, and due to be granted. Accordingly, it is now

**ORDERED:**

Declaration of Jack Newby Requesting Additional Time in Which to Obtain Legal Counsel for Defendant, Waterfront Realty Group, Inc. (Doc. #61) is **DENIED**.

GMAC's Renewed Motion for Default Against Defendants Waterfront Realty Group, Inc., and Opposition to Jack Newby and Waterfront's Request for Additional Time to Find Counsel (Doc. #63) is **GRANTED**. The Clerk of the Court is directed to enter a Clerk's Default against the Defendant Waterfront Realty Group, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record